UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KATIE KELLEY,

                  Plaintiffs,

vs.

CAPITAL ONE, N.A.

                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No: 2:17-CV-00249-JAW

**DEFENDANT CAPITAL ONE, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Capital One, N.A. ("Capital One"), with its main office in McLean, Virginia, by and through its attorneys, now answers Plaintiff's Complaint against it, as follows:

Except as expressly admitted or qualified hereafter, Capital One denies each and every allegation of the Complaint.

## AS TO INTRODUCTION

1. Capital One admits that Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 277 *et seq*. Capital One denies it violated the TCPA and denies any remaining allegations contained in paragraph 1 of the Complaint.

## AS TO JURISDICTION AND VENUE

2. With respect to the allegations set forth in paragraph 2 of the Complaint, Capital One admits that jurisdiction in this Court is proper, except that Capital One denies that Plaintiff has Article III standing under the Unites States Constitution. Capital One denies any remaining allegations set forth in paragraph 2.

1

3. With respect to the allegations set forth in paragraph 3 of the Complaint, Capital One admits that venue in this Court is proper. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff resides within this District and therefore denies the allegations. Capital One denies any remaining allegations set forth in paragraph 3.

## AS TO PARTIES

4. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5. Capital One admits that it is a national banking association that does business in the State of Maine with its principal place of business located in McLean, Virginia. Capital One denies any remaining allegations set forth in paragraph 5 of the Complaint.

6. Capital One denies the allegations set forth in paragraph 6 of the Complaint.

## AS TO FACTUAL ALLEGATIONS

7. The allegations set forth in paragraph 7 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is a required, Capital One denies the allegations set forth in paragraph 7 and denies that 47 U.S. C. § 153 (10) defines "person."

8. With respect to the allegations set forth in paragraph 8 of the Complaint, Capital One admits that it attempted to reach Plaintiff by telephone to make payment arrangements on her past due Capital One account. Capital One denies any remaining allegations set forth in paragraph 8.

9. With respect to the allegations set forth in paragraph 9 of the Complaint, Capital One admits that it attempted to reach Plaintiff at the telephone number indicated, to make payment arrangements on her past due Capital One account. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegation that such telephone number corresponds to a cellular telephone assigned to Plaintiff. Capital One denies any remaining allegations set forth in paragraph 9.

10. With respect to the allegations set forth in paragraph 10 of the Complaint, Capital One admits that (800) 955-6600 and (800) 365-2024 are numbers assigned to it. Capital One is unable to determine what number may have appeared on Plaintiff's caller identification. Capital One admits that, on occasion, it places calls with technology that meets the Federal Communications Commission's current interpretation of what constitutes an automatic telephone dialing system for purposes of the Telephone Consumer Protection Act. Should the FCC change its interpretation during the pendency of this matter or should that interpretation be reversed, overturned, vacated or revised or otherwise deemed improper, Capital One reserves the right to revise its answer. Capital One denies any remaining allegations set forth in paragraph 10 of the Complaint.

11. Capital One admits that, on occasion, it places calls with technology that meets the Federal Communications Commission's current interpretation of what constitutes an automatic telephone dialing system for purposes of the Telephone Consumer Protection Act. Should the FCC change its interpretation during the pendency of this matter or should that interpretation be reversed, overturned, vacated or revised or otherwise deemed improper, Capital One reserves the right to revise its answer. Capital One lacks information or knowledge

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 and therefore denies them.

12. With respect to the allegations set forth in paragraph 12 of the Complaint, Capital One admits that it attempted to reach Plaintiff by telephone to make payment arrangements on her past-due Capital One account. Capital One further admits that, on occasion, it places calls with technology that meets the Federal Communications Commission's current interpretation of what constitutes an automatic telephone dialing system for purposes of the Telephone Consumer Protection Act. Should the FCC change its interpretation during the pendency of this matter or should that interpretation be reversed, overturned, vacated or revised or otherwise deemed improper, Capital One reserves the right to revise its answer. Capital One denies any remaining allegations set forth in paragraph 12.

13. With respect to the allegations set forth in paragraph 13 of the Complaint, Capital One admits that its calls were not made for emergency purposes but denies that 47 U.S.C. § 227(b)(1)(A) defines "emergency purposes."

14. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and therefore denies them.

15. Capital One denies the allegations set forth in paragraph 15 of the Complaint.

16. Capital One continues to research the truth of the allegations set forth in paragraph 16 of the Complaint and therefore denies them.

17. Capital One continues to research the truth of the allegations set forth in paragraph 17 of the Complaint and therefore denies them.

18. Capital One continues to research the truth of the allegations set forth in paragraph 18 of the Complaint and therefore denies them.

19. Capital One denies the allegations set forth in paragraph 19 of the Complaint.

20. Capital One denies the allegations set forth in paragraph 20 of the Complaint.

21. Capital One denies the allegations set forth in paragraph 21 of the Complaint.

## AS TO FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

22. Capital One repeats and incorporates by reference into this cause of action the responses set forth above at paragraphs 1-21.

23. Capital One denies the allegations set forth in paragraph 23 of the Complaint.

24. Capital One denies the allegations set forth in paragraph 24 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 24 of the Complaint.

25. Capital One denies the allegations set forth in paragraph 25 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 25 of the Complaint.

## AS TO SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER
## PROTECTION ACT, 47 U.S.C. § 227 *et seq.*

26. Capital One repeats and incorporates by reference into this cause of action the responses set forth above at paragraphs 1-25.

27. Capital One denies the allegations set forth in paragraph 27 of the Complaint.

28. Capital One denies the allegations set forth in paragraph 28 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 28 of the Complaint.

29. Capital One denies the allegations set forth in paragraph 29 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 29 of the Complaint.

## AS TO FIRST CAUSE OF ACTION

30. Capital One denies the allegations set forth in paragraph 30 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 30 of the Complaint.

31. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 31 of the Complaint.

## AS TO SECOND CAUSE OF ACTION

32. Capital One denies the allegations set forth in paragraph 32 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 32 of the Complaint.

33. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 33 of the Complaint.

## AS TO ON ALL CAUSES OF ACTION

34. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 34 of the Complaint.

35. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 35 of the Complaint.

36. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 36 of the Complaint.

## JURY TRIAL DEMAND

37. Capital One admits only that Plaintiff seeks a trial by jury.

## DEFENSES

For its affirmative defenses, Defendant Capital One states the following:

### First Defense: Consent

1. The Telephone Consumer Protection Act does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given his or her consent.

2. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3. To the extent Capital One has received consent to place calls to Plaintiff through customer agreements, written or verbal statements, or otherwise, her claims are barred.

### Second Defense: Constitutionality of Statutory Damages

4. Capital One incorporates by reference the foregoing allegations set forth in its Affirmative Defenses.

5. The Telephone Consumer Protection Act provides for statutory damages of $500 to $1,500 for each violation of the law.

6. When directed at telephone calls, statutory damages under the Telephone Consumer Protection Act could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff.

7. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Third Defense: Offset

8. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

9. Plaintiff may have accounts with Capital One upon which she owes.

10. Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from Plaintiff to Capital One.

### Fourth Defense: Lack of Standing

11. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

12. To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that she is in the zone of interests the TCPA is intended to protect.

13. To the extent Plaintiff has not paid money, lost title to goods or value, suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

## Reservation of Rights

14. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

15. Capital One expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

**Wherefore,** Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b. Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

c. Grant Capital One any such further relief to which it may be entitled.

Dated: July 28, 2017

/s/ Rufus E. Brown

_____
Rufus E. Brown, Esq.
BROWN & BURKE
152 Spring Street
P.O. Box 7530
Portland, ME 04112
(207) 775-0265
rbrown@brownburkelaw.com

*Attorney for Defendant Capital One*

## CERTIFICATE OF SERVICE

I certify that on July 28, 2017 a copy of the foregoing ANSWER TO PLAINTIFF'S COMPLAINT was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Daniel G. Ruggiero
The Law Office of Daniel Ruggiero
275 Grove Street, Suite 2-400
Newton, MA 02466
druggieroesq@gmail.com

/s/ Rufus E. Brown
_____

Rufus E. Brown, Esq.
BROWN & BURKE
152 Spring Street
P.O. Box 7530
Portland, ME 04112
(207) 775-0265
rbrown@brownburkelaw.com

*Attorney for Defendant Capital One*